UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20656-CIV-SEITZ/WHITE

DALE H. CLINE,

    Plaintiff,

v.

CITY OF NORTH MIAMI, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING REPORT OF MAGISTRATE JUDGE AND DISMISSING DEFENDANTS CITY OF NORTH MIAMI, CITY OF NORTH MIAMI POLICE DEPARTMENT, EDIMAR ANDRADE, STATE ATTORNEY RUNDLE, ASSISTANT STATE'S ATTORNEY CELEIRO, ASSISTANT STATE'S ATTORNEY MANRARA, PUBLIC DEFENDER MARTINEZ, AND PUBLIC DEFENDER MACREADY

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White [DE-10]. In the Report, Magistrate Judge White recommends that Plaintiff's 42 U.S.C. § 1983 claim for arrest without probable cause proceed against Defendant Police Officers Cravero, Mayato, Lopez, and Lewis. Plaintiff has filed Objections [DE-12] to the Report, objecting to the dismissal of the complaint against the Defendant State's Attorneys, the City of North Miami, the City of North Miami Police Department, the Defendant Public Defenders, and Defendant Andrade. The Report recommended dismissing these Defendants because Plaintiff has failed to state a claim against them.

Plaintiff, who is proceeding *pro se*, clearly styled his claim as a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." Thus, he must establish the elements of such a claim against each of the fourteen defendants to proceed in Federal court. It is necessary to set out specific facts, as opposed to conclusions, to show that the Plaintiff has a viable claim under § 1983 against each of the Defendants. The Complaint stems from the Plaintiff's arrest for his

alleged violation of a "Stay Away" order on October 21, 2008.

The Magistrate Judge recommended dismissing the City of North Miami because the complaint did not adequately allege a causal link between Plaintiff's injuries and a policy or custom of the City. Plaintiff objects to this conclusion. Plaintiff's complaint alleges that the City is responsible for the hiring and training of personnel. However, a review of the complaint establishes that Plaintiff has not alleged how this policy led to his injury. Thus, he has not pled a causal link between a City policy or custom and his injury. Consequently, Plaintiff has failed to plead a cause of action against the City. Plaintiff has also failed to plead a cause of action against the City of North Miami Police Department for the same reason and because police departments cannot be sued under § 1983; instead, a plaintiff must sue the municipality of which the police department is merely an administrative arm. *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989). Consequently, Plaintiff's objection to dismissal of his claim against the Police Department is overruled.

Plaintiff next objects to the Report's finding that the State's Attorneys, Defendants Rundle, Celeiro, Manrara, Camelford, and Melmer, are immune from a § 1983 suit for damages because they have absolute immunity for prosecutorial functions. Plaintiff argues that the State's Attorneys are not immune from suit because they were acting in a "personal capacity." However, as set out in the Report, the allegations in the complaint regarding the actions of the named State's Attorneys are actions "intimately associated with the judicial phase of the criminal process" and thus, absolute immunity applies. *See Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). Consequently, Plaintiff's objection to the dismissal of the complaint against the State's Attorneys defendants is overruled.

Plaintiff also objects to the Report's conclusion that the Public Defenders, Defendants Martinez and Macready, were also immune from suit under § 1983 because they were not acting under color of state law. Plaintiff does not explain, however, how the actions of Defendants Martinez and Macready can be considered actions under color of state law. Consequently, this objection is overruled. For the same reason, the Report also concludes that Defendant Andrade, who is a private citizen, was not acting under color of state law and thus cannot be sued under § 1983. Plaintiff again raises an objection to this conclusion but again does not explain how a private citizen was acting under color of state law. Thus, this objection is overruled.

Last, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has failed to allege a cause of action for malicious prosecution against the Defendant attorneys because Plaintiff has not adequately pled facts to establish the six elements of a claim for malicious prosecution under Florida law. Specifically, the Magistrate Judge found that the allegations in the complaint did not establish that the Defendants conspired with each other with malicious intent. In his objection to this finding, Plaintiff simply states that he "has clearly shown that the defendants wanted the Plaintiff imprisoned even though no crime was committed." However, this is a conclusory statement for which Plaintiff provides no supporting facts. Accordingly, this objection is overruled.

Having carefully reviewed, *de novo*, Magistrate Judge White's Report, Plaintiff's Objections and the record, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-10] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Defendants City of North Miami, City of North Miami Police Department, Edimar Andrade, State Attorney Rundle, Assistant State's Attorney Celeiro, Assistant State's Attorney Manrara, Public Defender Martinez, and Public Defender Macready are DISMISSED as parties to this action.

(3) Plaintiff's Objections [DE-12] are OVERRULED.

(4) This case SHALL PROCEED against Defendants Cravero, Mayato, Lopez, and Luis.

DONE AND ORDERED in Miami, Florida, this 4th day of October, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge Patrick A. White
All Counsel of Record/*Pro Se* Parties